50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re John A. MATTOS and Claire P. Mattos, Debtors.
John A. MATTOS; Claire P. Mattos, Appellants,
v.
Joseph MOHAMED, Sr.; Shirley Mohamed, Appellees.
 No. 93-16661.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided March 13, 1995.
 
 Before: REINHARDT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chapter 11 debtors John A. Mattos and Claire P. Mattos owned real property which was encumbered by various deeds of trust. Joseph Mohamed, Sr. and Shirley Mohamed owned a promissory note secured by a deed of trust on the property. The Mohameds also bought other notes and deeds of trust against the property, and made advances to protect their security.
 
 
 3
 In an adversary proceeding filed in the bankruptcy court, the Mattoses claimed that the Mohameds had overstated the amount due them under their various notes and deeds of trust. The principal dispute was over advances the Mohameds had made and interest that they claimed.
 
 
 4
 Pursuant to order of the bankruptcy court, the property was sold and the Mohameds' liens and claims were transferred to the proceeds. The Mohameds then filed a motion in the adversary proceeding seeking summary judgment. In support of that motion, they set forth the computations of unpaid balances of principal, interest and advances due to them. The Mattoses opposed summary judgment, but challenged the Mohameds' computations of the amount due only in a conclusory fashion, without specifically disputing the accounting the Mohameds provided to the court. The bankruptcy court determined there was no genuine dispute of a material fact requiring trial, and entered summary judgment in favor of the Mohameds. The bankruptcy appellate panel (BAP) affirmed, and this appeal followed.
 
 
 5
 We have carefully reviewed the record and agree with the bankruptcy court and the BAP that the Mattoses failed to raise a genuine issue of material fact to dispute the amount claimed by the Mohameds. As the BAP stated:
 
 
 6
 Appellant Mattos disputes the computation without specifically stating what is wrong with the computation. He simply states that it is incorrect, and offers his own truncated summary of his computation. Worse yet, the categories in the Mattos' summary do not in any way correspond to the categories in the H & B accounting, which makes any line-by-line comparison impossible.
 
 
 7
 By allowing the claim the bankruptcy court implicitly concluded that the H & B's accounting was correct. The burden is on the appellant to show that the court's factual finding was clearly erroneous. Mattos has not sustained this burden by simply offering his own computation. And this is even less so when this computation is poorly presented and badly summarized.
 
 
 8
 In re Mattos (Mattos v. Mohamed ) BAP No. EC-92-2372-ROMe, Memorandum Disposition filed Jul. 27, 1993, pp. 4-5.
 
 
 9
 The BAP correctly assessed the record. The bankruptcy court did not err in granting summary judgment in favor of the Mohameds. That judgment is affirmed.
 
 
 10
 The Mohameds seek attorney fees and an additional sanction of $10,000 against the Mattoses and their attorney for pursuing a frivolous appeal. Federal Rule of Appellate Procedure 38 authorizes this court, within its discretion, to award damages, attorney fees, and single or double costs as a sanction for bringing a frivolous appeal. Wood v. Santa Barbara Chamber of Commerce, Inc., 699 F.2d 484, 485, (9th Cir.1983), cert. denied, 465 U.S. 1000 (1984). An appeal is frivolous if the result is obvious or if the claims of error are wholly without merit. DeWitt v. Western Pac. R.R., 719 F.2d 1448, 1451 (9th Cir.1983).
 
 
 11
 Applying the DeWitt standard, we cannot say the Mattoses' appeal is frivolous. The Mohameds' request for sanctions for defending against a frivolous appeal is denied.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3